Victor Bravo GOMEZ, aka Isabel
Franco Perea, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney
General, Respondent.

No. 14-71178

United States Court of Appeals,
Ninth Circuit.

Submitted February 6, 2018 *
Pasadena, California

Filed February 16, 2018

Ann F. Barhoum, Olmos & Barhoum,
LLP, San Jose, CA, for Petitioner

Lynda Do, Robert Michael Stalzer, Trial
Attorney, DOJ—U.S. Department of Jus-
tice, Civil Division/Office of Immigration
Litigation, Washington, DC, Chief Counsel
ICE, Office of the Chief Counsel, Depart-
ment of Homeland Security, San Francis-
co, CA, for Respondent

Before: GRABER and HURWITZ,
Circuit Judges, and MARBLEY,**
District Judge.

MEMORANDUM ***

Nickie Bravo-Gomez, previously known
as Victor Bravo-Gomez, appeals an order
of the Board of Immigration Appeals
("BIA") affirming the decision of the immi-
gration judge ("IJ") denying her applica-

* The panel unanimously concludes this case is
suitable for decision without oral argument.
Fed. R. App. P. 34(a)(2).

** The Honorable Algenon L. Marbley, United
States District Judge for the Southern District
of Ohio, sitting by designation.

tions for asylum, withholding of removal,
and protection under the Convention
Against Torture ("CAT"). We have juris-
diction under 8 U.S.C. § 1252.

We review the BIA's factual findings,
including adverse credibility determina-
tions, for substantial evidence. Ai Jun Zhi
v. Holder, 751 F.3d 1088, 1091 (9th Cir.
2014). A finding is not supported by sub-
stantial evidence when "any reasonable ad-
judicator would be compelled to conclude
to the contrary based on the evidence in
the record." Bringas-Rodriguez v. Ses-
sions, 850 F.3d 1051, 1059 (9th Cir. 2017)
(quoting Zhi, 751 F.3d at 1091) (internal
quotation marks omitted). Legal conclu-
sions are reviewed de novo. Id.

1. The BIA's adverse credibility deter-
mination is supported by substantial evi-
dence. The BIA relied in part on the
inconsistencies in Ms. Bravo-Gomez's de-
scriptions of an attack that allegedly oc-
curred in February of 2011. She first
stated that she was attacked by one
man inside a club, but later stated that
she was attacked by two men outside of
the club. The BIA's reliance on these
material inconsistencies is sufficient to
support its adverse credibility determi-
nation. Lianhua Jiang v. Holder, 754
F.3d 733, 738–39 (9th Cir. 2014). Be-
cause one inconsistency is enough to
support an adverse credibility finding,
we need not examine the remaining
grounds identified by the BIA. Id.

2. The BIA did not err in finding insuffi-
cient corroborating evidence to overcome
the IJ's adverse credibility determination.
None of the proffered evidence corrobo-
rates the February 2011 attack in suffi-

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

cient detail. Because the IJ did not find Ms. Bravo-Gomez's testimony credible, she was not entitled to notice and opportunity to obtain such evidence. See Bhattarai v. Lynch, 835 F.3d 1037, 1043 (9th Cir. 2016) ("The notice-and-opportunity requirement applies when the applicant's testimony is 'otherwise credible.'" (quoting Ren v. Holder, 648 F.3d 1079, 1090 (9th Cir. 2011))).

3. Because the adverse credibility determination is supported by substantial evidence and is sufficient to deny the asylum and withholding of removal claims, we need not reach the BIA's alternate ruling that relief is not warranted because Ms. Bravo-Gomez could relocate in Mexico. Shrestha v. Holder, 590 F.3d 1034, 1048 n.6 (9th Cir. 2010).

4. The BIA did not err in ruling that the IJ acted as a neutral fact-finder. Ms. Bravo-Gomez's contention that the IJ erred by peppering her with questions during direct and cross-examination is contrary to law, which explicitly allows IJs to question witnesses. 8 U.S.C. § 1229a(b)(1); Antonio-Cruz v. INS, 147 F.3d 1129, 1131 (9th Cir. 1998). Further, even if the IJ exhibited bias toward Ms. Bravo-Gomez, the record supports the denial of her claims for asylum and withholding of removal and thus there was no prejudice, which is required to succeed on a due process claim. Lianhua Jiang, 754 F.3d at 741.

5. The BIA erred, however, by not applying the proper legal standards to its analysis of Ms. Bravo-Gomez's claim for relief under CAT. CAT claims are "analytically separate" from asylum claims. Kamalthas v. INS, 251 F.3d 1279, 1283 (9th Cir. 2001). It is not clear from the BIA's order—wherein the BIA affirms the IJ's CAT finding in a single, conclusory sentence—that the Board considered the factors in 8 C.F.R. § 1208.16 (c)(3) as re-

quired. Moreover, the BIA incorrectly placed the burden on Ms. Bravo-Gomez to establish that relocation in Mexico would be impossible. See Maldonado v. Lynch, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (holding that § 1208.16(c)(2) "does not place a burden on an applicant to demonstrate that relocation within the proposed country of removal is impossible"). And the adverse credibility determination alone does not require denial of CAT protection, because "[i]t is well established that ... an adverse credibility finding does not always bar CAT relief." Enying Li v. Holder, 738 F.3d 1160, 1167 n.6 (9th Cir. 2013).

Therefore, we **DENY** Ms. Bravo-Gomez's petition for relief as to asylum and withholding of removal, but **GRANT** the petition as to the CAT claim and remand to the BIA for further proceedings.

Petition **DENIED** in part and **GRANTED** in part **and REMANDED.** The parties shall bear their own costs on appeal.